# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kathy Thomas<br><br>    Plaintiff,<br><br>v.<br><br>Collecto, Inc. dba EOS CCA<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Kathy Thomas, ("Kathy"), is a natural person who resided in San Jose, California, at all times relevant to this action.

2. Defendant, Collecto, Inc., dba EOS CCA, ("EOS CCA"), is a Massachusetts Corporation that maintained its principal place of business in Norwell, Massachusetts at all times relevant to this action and has offices throughout the United States including the Midwest Regional Center in Tinley Park, Illinois.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides and is subject to personal jurisdiction in this judicial district.

**STATEMENT OF FACTS**

5. EOS CCA uses a predictive dialer system.

6. Before EOS CCA began contacting Kathy, it and Kathy had no prior business relationship and Kathy had never provided express consent to EOS CCA to be contacted on her cellular telephone.

7. EOS CCA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of EOS CCA's revenue is debt collection.

9. EOS CCA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, EOS CCA contacted Kathy to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Kathy is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, EOS CCA willingly and knowingly used an automatic telephone dialing system to call Kathy on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Over a year ago, EOS CCA began contacting Kathy on Kathy's cellular phone in connection with the collection of the debt.

15. During one communication in 2013, Kathy requested EOS CCA cease further calls to Kathy.

16. Despite this request, EOS CCA contacted Kathy on Kathy's cellular phone in connection with the collection of the debt on numerous occasions, most recently around May 2014.

17. On more than one occasion, EOS CCA contacted Kathy on Kathy's cellular phone in connection with the collection of the debt and interrupted Kathy during work hours.

18. Kathy repeatedly requested EOS CCA cease further calls to Kathy.

19. EOS CCA attempted to collect a debt from Kathy.

20. EOS CCA violated the FDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

         RESPECTFULLY SUBMITTED,

         Hyslip & Taylor, LLC LPA


         By: /s/ Jeffrey S. Hyslip
         One of Plaintiff's Attorneys

Date: September 22, 2014

Jeffrey S. Hyslip, Esq.
1100 W. Cermak Road
Suite B410
Chicago, IL 60608
Phone: 312-380-6110
Fax: 312-361-3509
jeffrey@lifetimedebtsolutions.com